UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DELASHUN BAGGETT,

    Plaintiff,

    v.                               CAUSE NO. 3:25-CV-929-GSL-AZ

MYERS, DOG N DORF, CALVERT,

    Defendants.

## OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett is suing Lt. Myers, Sgt. Dog N Dorf, and Lt. Calvert for money damages about an incident that allegedly occurred at Miami Correctional Facility on June 27, 2024. Baggett included only the first and fourth pages of this court's Prisoner Complaint Form, but he also includes copies of grievances related to the June 27, 2025, incident. In these documents, Baggett alleges that, on June 27, 2025, he was asleep when Sgt. Dog N Dorf and Lt. Myers sprayed Baggett with mace for no reason at all. Lt. Myers then

turned off the water to Baggett's cell, preventing him from decontaminating. Baggett should have used all pages of this court's prisoner complaint form and should have included his factual allegations in the complaint itself. Nonetheless, in the interests of efficiency, this court will consider the allegations included in the exhibits attached to Baggett's complaint.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. Here, giving Baggett the benefit of all favorable inferences, he may proceed against Lt. Myers and Sgt. Dog N Dorf for violating the Eighth Amendment.

The exhibits to the complaint do not explain why Baggett is suing Lt. Calvert. Because there are no factual allegations from which it could be plausibly inferred that Lt. Calvert violated Baggett's constitutional rights, Baggett will not be permitted to proceed against Lt. Calvert.

For these reasons, the court:

(1) GRANTS Delashun Baggett leave to proceed against Lt. Myers in his individual capacity for compensatory and punitive damages for using excessive force and cruel and unusual punishment against him on June 27, 2024, in violation of the Eighth Amendment;

(2) GRANTS Delashun Baggett leave to proceed against Sgt. Dog N Dorm in his individual capacity for compensatory and punitive damages for using excessive force against him on June 27, 2024, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Lt. Calvert;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lt. Myers and Sgt. Dog N Dorf at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service, if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Myers and Sgt. Dog N Dorf to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 14, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT