UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELASHUN BAGGETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-929-GSL-AZ |
| MYERS, et al., | |
| Defendants. | |

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed an amended complaint. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett is suing about an incident that allegedly occurred at Miami Correctional Facility on June 27, 2024. He has named Lt. Myers, Sgt. Dog N Dorf, Warden English, Warden Smith, and the IDOC Commissioner as defendants. He seeks money damages and injunctive relief in the form of a transfer and medical attention.

Baggett alleges that, on June 27, 2024, he was transferred to AHU after an attack by inmates that left him seriously injured. His injuries were allegedly so serious that

medical staff told him not to move until a doctor came to see him. Baggett indicates that his injuries were so severe that he could not have gotten up by himself if he had wanted to.

He was sleeping when the shift changed and then awoken and told to see a mental health provider. Baggett told Officer Valteer[1] that he could not move. Then, Officers Dog N Dorf, Myers, Calvert,[2] and one other officer sprayed Baggett with mace "for over an hour" and continued to spray him after he took a shower. He was also allegedly dragged down the stairs and left in a hot shower for over an hour with no medical help. They[3] turned off the water "to let [him] burn more" and they laughed at him. His skin and eyes burned, and he has vision loss he associates with this incident. Baggett reported this to counselors, the grievance specialist, Warden Smith, and Warden English, but he received no help.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry

---

[1] Officer Valteer is not a defendant in this case.

[2] Calvert is not listed as a defendant in Baggett's amended complaint.

[3] Exhibits submitted with Baggett's earlier complaint indicate that Lt. Myers was responsible for turning off the water, but the court accepts as true that both Dog N Dorm and Lt. Myers were responsible for turning off the water.

of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. Here, giving Baggett the benefit of all favorable inferences, he may proceed against Lt. Myers and Sgt. Dog N Dorf for violating the Eighth Amendment.

Baggett's amended complaint has added Warden English, Warden Smith, and the IDOC Commissioner as defendants. His only allegation against Warden Smith and Warden English is that, at some unspecified time after this event occurred, he told them about it. He makes no allegations whatsoever against the IDOC Commissioner. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Baggett's amended complaint does not allege that Warden Smith, Warden English, or the IDOC commissioner were personally involved in any violation of Baggett's rights. Therefore, he may not proceed against them on any claim for monetary damages.

He cannot proceed against these defendants for injunctive relief either. "[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). But here, Baggett is suing about an isolated incident that occurred in June 2024 –

nearly twenty months ago. It cannot be plausibly inferred from the allegations in the amended complaint that a transfer to another facility is a proper remedy for the alleged Eighth Amendment violation. Furthermore, it cannot be plausible inferred that any defendant named in this case has been deliberately indifferent to Baggett's ongoing medical needs stemming from the June 27, 2024, incident. Therefore, he may not proceed against Warden English, Warden Smith, or the IDOC Commissioner on any claim for permeant injunctive relief related to the July 27, 2024, incident.

Finally, the court must address Baggett's request for counsel. ECF 25. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d at 654.

Here, Baggett indicates that he has attempted to obtain counsel on his own by sending letters and copies of the screening order to fifteen separate attorneys. Baggett, however, filed requests for counsel dated February 9, 2026, in several of his cases, and he made the same representation in each motion, without regard to the status of the case. *See* 3:25-CV-336 (ECF 39); 3:25-CV-727 (ECF 27); 3:25-CV-896 (ECF 10); 3:25-CV-925 (ECF 16); 3:25-CV-926 (ECF 12); 3:25-CV-971 (ECF 7); 3:25-CV-1007 (ECF 7); 3:25-CV-

4

1008 (ECF 9); 3:25-CV-1101 (ECF 7); and 3:26-CV-115 (ECF 8). Many of these cases had not yet been screened, and yet Baggett represented that the screening order had been sent to counsel. Under these circumstances, Baggett has not demonstrated that he has made a reasonable effort to obtain counsel on his own. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Pruitt*, 503 F.3d at 654; and *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013).

Baggett will be provided with ten copies of this screening order, which he can send to ten different attorneys together with a letter requesting representation. After he has sent the screening orders and requests for representation to ten attorneys, he must wait a reasonable amount of time for responses. He then may renew his motion for counsel, but he should provide the names of the attorneys he contacted, the dates he contacted them, and any response he received from them.

For these reasons, the court:

(1) GRANTS Delashun Baggett leave to proceed against Lt. Myers in his individual capacity for compensatory and punitive damages for using excessive force and cruel and unusual punishment against him on June 27, 2024, in violation of the Eighth Amendment;

(2) GRANTS Delashun Baggett leave to proceed against Sgt. Dog N Dorm in his individual capacity for compensatory and punitive damages for using excessive force and cruel and unusual punishment against him on June 27, 2024, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Warden English, Warden Smith, and the IDOC Commissioner;

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Myers and Sgt. Dog N Dorf to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(6) DENIES Delashun Baggett's motion for counsel (ECF 25) and DIRECTS the clerk to send Delashun Baggett ten (10) copies of this screening order so he can include them with a letter to ten individual attorneys asking for representation; and

(7) REMINDS Delashun Baggett that a motion for summary judgment was filed on February 17, 2026, and remains pending before the court.

SO ORDERED on February 24, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT